# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

DONTE PEOPLES,

      Petitioner,     :    Case No.  1:06-cv-791

  - vs -             District Judge S. Arthur Spiegel
                  Chief Magistrate Judge Michael R. Merz

ERNIE MOORE, Warden,

      Respondent.      :

## REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court for decision on the merits.  Petitioner pleads two grounds for relief:

> **Ground One:** Substantive and procedural due process violation where sentence is void as a matter of federal law.
>
> **Supporting Facts:** State sentencing court made and used judicial factfindings to enhance sentence beyond statutory maximum sentence in violation of McMillan v. Pennsylvania, Apprendi v. New Jersey, Blakely v. Washington, and State v. Foster.
>
> **Ground Two:** Ineffective assistance of trial counsel.
>
> **Supporting Facts:** Trial counsel induced Petitioner to plead guilty and agreed to an unlawful sentence of [sic] which the trial court lacked jurisdiction to impose [Enhancement] because of lack of notice and proof beyond a reasonable doubt.

(Petition, Doc.  No.  1, at 6-7).

**Procedural History**

On May 4, 2004, Petitioner was indicted on two counts of murder, one count of attempted murder, one count of felonious assault, and one count of having weapons under disability; counts one through four each had an appended firearm specification. Represented by counsel, Petitioner pled guilty to one count of voluntary manslaughter and one count of felonious assault, each with a firearm specification. He further agreed to concurrent sentences of ten years on the manslaughter count and five years on the assault count, with a three-year consecutive term for the firearm specification.

Petitioner took no direct appeal, but on May 24, 2005, filed *pro se* a motion under Ohio R. Crim. P. 32.1 to withdraw his guilty plea, raising essentially the same two grounds for relief he pleads here. The trial court denied that motion summarily and Petitioner appealed. The First District Court of Appeals held that, because Petitioner sought a modification of his sentence rather than a new trial, his Rule 32.1 motion should be treated as if it were a petition for post-conviction relief under Ohio Revised Code § 2953.21, and on that basis dismissed it as untimely. It held that the relief of sentence modification is not available on a motion to withdraw a guilty plea. The Ohio Supreme Court declined jurisdiction of Petitioner's appeal to them and he then filed the instant habeas corpus petition.

**Procedural Default**

Respondent asserts both of Petitioner's Grounds for Relief are barred by his procedural defaults in presenting them to the Ohio courts.

The standard for evaluating a procedural default defense is as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 749, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991); *see also Simpson v. Jones,* 238 F. 3d 399, 406 (6th Cir. 2000).  That is, a petitioner may not raise on federal habeas a federal constitutional right he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977); *Engle v. Isaac*, 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982).  Absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review.  *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000); *Murray v. Carrier*, 477 U.S. 478, 485, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986);  *Engle v. Isaac*, 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982);  *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977). *Wainwright* replaced the "deliberate bypass" standard of *Fay v. Noia,* 372 U.S. 391, 83 S. Ct. 822, 9 L. Ed. 2d 837 (1963).

Failure to raise a constitutional issue at all on direct appeal is subject to the cause and prejudice standard of *Wainwright v. Sykes*, 433 U. S. 72, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977). *Murray v. Carrier*, 477 U.S. 478, 485, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986); *Mapes v. Coyle,* 171 F. 3rd 408, 413 (6th Cir. 1999); *Rust v. Zent,* 17 F.3d 155 (6th Cir. 1994); *Leroy v. Marshall*, 757 F.2d 94 (6th Cir. 1985).  Failure to present an issue to the state supreme court on discretionary review constitutes procedural default.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999).

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
>
> . . . .
>
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that

he was actually prejudiced by the alleged constitutional error.

*Maupin,* 785 F.2d, at 138. See also *Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007).

In this case, Respondent reasons, Petitioner's default consists in not filing a § 2953.21 petition – the only Ohio procedure for the sentence modification remedy he sought – within the time allowed by the statute. Without question, Ohio has a time limit for such a petition of 180 days after expiration of time for filing a direct appeal if none has been taken in a particular case. Ohio Revised Code § 2953.21(A)(2). The First District Court of Appeals unquestionably enforced this rule against Petitioner. The Sixth Circuit has held, albeit in unpublished opinions, that the time limit of Ohio Revised Code § 2953.21 is an adequate and independent state ground of decision. *Bird v. Hurst*, Case No. 02-3925, 110 Fed. Appx. 474, at *478, 2004 U.S. App. LEXIS 16559, at **10 (6th Cir. Aug. 9, 2004); *Carroll v. Coyle*, No. 98-3870, 1999 U.S. App. LEXIS 19449, at *4-5 (6th Cir. Aug. 12, 1999).

Petitioner does not take issue with this ruling of the Court of Appeals. He essentially concedes by not contesting that he was late in filing his motion to withdraw, if it could properly be construed as a post-conviction petition, and that dismissal on that basis is an adequate and independent state ground.

Instead, Petitioner contends Ohio Revised Code § 2953.21 does not control a motion to withdraw a guilty plea, based on Ohio Supreme Court precedent, *State v. Bush*, 96 Ohio St. 3d 235 (2002). In *Bush* the Ohio Supreme Court held that motions to withdraw guilty pleas are not collateral attacks on the judgment and exist independently of the post-conviction petition provided for in Ohio Revised Code § 2953.21. As such, the time limits in 2953.21 and 2953.23 do not control the time

for filing a motion under Ohio Crim. R. 32.1. *Id.* at ¶ 14.

Given the *Bush* decision, the correctness of the Court of Appeals decision in this case turns on whether that court was right in holding that the relief Mr. Peoples sought – modification of his sentence on constitutional grounds – is not relief which can be obtained under Ohio Crim. R. 32.1. To demonstrate that such relief can be granted on a Rule 32.1 motion, Petitioner relies on *State v. Sherritt*, 1998 Ohio App. LEXIS 361 (Ohio App. 2nd Dist. Feb. 6, 1998). However, *Sherritt* did not involve an attack on a guilty plea on grounds it was unconstitutional. Rather, the evidence was that the trial judge had intended to be able to grant Sherritt shock probation and conveyed that to his lawyer after the guilty plea was taken but before sentence. The lawyer and judge were both in error as to when a motion for shock probation had to be filed and Sherritt waited to long. The Court of Appeals held the trial court had the power to vacate the sentence under Ohio Crim. R. 32.1 so as to reimpose a sentence on which an application for shock probation could be made, if in fact that is what the trial judge had intended in the first instance. *Sherritt* does not support the proposition for which Petitioner cites it, to wit, if one has a constitutional claim which could have been brought under Ohio Revised Code § 2953.21 but misses the filing deadline, one can just recaption the petition as a motion to vacate the guilty plea under Rule 32.1.

In deciding Mr. Peoples' appeal from the denial of relief in the Common Pleas Court, the First District Court of Appeals noted that he had filed two motions, one to modify sentence and one to withdraw guilty plea, and it dealt with them separately. As to the motion to modify sentence, it held:

> We further note that Peoples, in support of his motions, invoked
> Crim.R. 32.1. While Crim.R. 32.1 governs the proceedings on a
> motion to withdraw a guilty plea, it does not provide a vehicle for
> "modify[ing]" a sentence. R.C. 2953.21 et seq., which govern the
> proceedings upon a postconviction petition, provides "the exclusive
> remedy by which a person may bring a collateral challenge to the

> validity of a conviction or sentence in a criminal case." See R.C. 2953.21(J). Thus, the court below, faced with Peoples's collateral attack upon his sentences in his "Motion to Modify Sentence," should have recast the motion as a postconviction petition and reviewed it under the standards provided by R.C. 2953.21 et seq.

*State v. Peoples*, 2006 Ohio 2614, P6, 2006 Ohio App. LEXUS 2439 (Ohio App. 1st Dist. May 26, 2006). Because the first of these motions, the one to modify the sentence, is not explicitly authorized under Ohio law, the First District followed *Bush* in recharacterizing it as a § 2953.21 petition.

As to the motion to withdraw the guilty plea, the Court of Appeals held

> Crim.R. 32.1 governed Peoples's "Motion to Withdraw Guilty Plea." The rule authorizes a trial court to permit a defendant to withdraw a guilty plea after sentence only "to correct manifest injustice." See *State v. Smith* (1977), 49 Ohio St.2d 261, 361 N.E.2d 1324, paragraph one of the syllabus. The determination of whether the defendant has demonstrated "manifest injustice" is committed to the sound discretion of the trial court and will not be disturbed on appeal unless the court abused its discretion. See id., paragraph two of the syllabus.

*Id.* at ¶ 20. The Court of Appeals concluded that there had been no manifest injustice because if Mr. People were granted the relief he requested, to wit, vacation of his guilty plea, he would not be re-sentenced to the minimum sentences previously provided in Ohio Revised Code § 2929.14. Rather, because those provisions had been excised from the Ohio Revised Code in *State v. Foster*, 109 Ohio St. 3d 1, 845 N.E. 2d 470 (2006), he would be subject to trial and a much longer maximum sentence if convicted.

Of course the question whether it would work a manifest injustice not to vacate the guilty plea is a question of Ohio, not federal, law. This Court has no authority to reverse that finding of the Ohio Court of Appeals.

Thus the conclusions of the Ohio Court of Appeals that Petitioner's claims in his motion to modify sentence are not cognizable under Ohio R. Crim. P. 32.1 and untimely under Ohio Revised

Code § 2953.21 are independent and adequate bases for the Ohio courts' decisions. The Petition should be dismissed as procedurally defaulted.

**Alternative Merits Analysis**

Respondent and Petitioner have fully briefed the merits of his claims. To avoid a recommittal in the event the District Court disagrees with the procedural default analysis above, the Magistrate Judge offers this alternative analysis on the merits.

**First Ground for Relief**

In his First Ground for Relief, Petitioner asserts that his sentence is unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004), because the trial judge made findings of fact, necessary to enhance the sentence beyond the statutory minimum, without submitting those facts to a jury. Petitioner misunderstands the nature of his sentence. Not only were the charges to which he pled agreed upon, but the thirteen-year sentence was also agreed upon.  The Ohio Supreme Court has explained "The General Assembly intended a jointly agreed-upon sentence to be protected from review precisely because the parties agreed that the sentence is appropriate. Once a defendant stipulates that a particular sentence is justified, the sentencing judge no longer needs to independently justify the sentence."  *State v. Porterfield*, 106 Ohio St. 3d 5, 10, 829 N.E.2d 690, 694 (2005).

Petitioner asserts that the absence of judicial factfinding does not save the sentence in this case because *Apprendi* and *Blakely* because he cannot be deemed to have waived his federal rights to the minimum sentence authorized by law merely by pleading guilty (Traverse, Doc. No. 8, at 12). However, this misinterprets the Ohio law. There is no doubt that the sentences Petitioner received are within the statutory maxima authorized by Ohio law. Prior to *Foster, supra,* Ohio law authorized

a sentencing judge to exceed the statutory minimum under two circumstances: (1) if the judge made the required findings under Ohio Revised Code § 2929.14 or (2) if the State and the Defendant jointly agreed to recommend a sentence within the statutory maxima. The only "finding" the trial judge had to make here was that Petitioner had in fact agreed to the thirteen-year sentence. That fact is not disputed and is also not the sort of fact which *Apprendi* and *Blakley* require be made by a jury, i.e., it is not an "element" of the offense.

## Second Ground for Relief

In his Second Ground for Relief, Petitioner asserts his trial counsel was ineffective for failure to raise an *Apprendi-Blakely* objection to the sentence. Because there was no *Apprendi-Blakely* violation in the sentence, it cannot have been deficient performance for the trial attorney to fail to raise the claim.

## Conclusion

Based on the foregoing analysis, the Petition herein should be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied any

requested certificate of appealability and the privilege of appealing *in forma pauperis*.

November 26, 2007.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).