```
             UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF OHIO
                   WESTERN DIVISION
```

DONTE PEOPLES,                :       NO. 1:06-CV-00791

    Petitioner,

    vs.                       :       **OPINION AND ORDER**

ERNIE MOORE,

    Respondent.

This matter is before the Court on the Magistrate Judge's Report and Recommendation (doc. 10), and Petitioner's Objection (doc. 12). For the reasons indicated herein, the Court ADOPTS the Magistrate Judge's Report and Recommendation and DENIES Petitioner's Petition for Writ of Habeas Corpus.

**I. Background**

On August 13, 2004, pursuant to a plea agreement, Petitioner entered pleas of guilty to voluntary manslaughter and felonious assault with firearm specifications (doc. 7). Petitioner further agreed to concurrent sentences of ten years on the manslaughter charge and five years on the assault charge, to be served consecutively to a three-year term for the specifications (Id.). The trial court therefore found Petitioner guilty of voluntary manslaughter and felonious assault, with specifications, and imposed the agreed sentence of thirteen years (Id.).

Petitioner did not appeal his sentence, but on May 24,

2005, filed a pro se motion under Ohio R. Crim. P. 32.1 to withdraw his guilty plea, which the trial court denied (Id.). On appeal, the Ohio First District Court of Appeals held that because Petitioner sought a modification of his sentence rather than a new trial, his motion must be treated as a petition for post-conviction relief, which under Ohio Revised Code § 2953.21 must be filed within 180 days after the expiration of the time for appeal (Id.). As Petitioner did not timely file his motion, the Court of Appeals dismissed it as untimely (Id.). The Ohio Supreme Court declined jurisdiction of Petitioner's appeal, and Petitioner then filed the instant Petition for habeas corpus (Id.).

Petitioner asserts two grounds for relief in his Petition (Id.). In his first ground for relief, Petitioner argues the state sentencing court violated his substantive and due process rights by using judicial fact-finding to enhance his sentence beyond the minimum, in contravention of Blakely v. Washington, 542 U.S. 296 (2004) and Apprendi v. New Jersey, 530 U.S. 466 (2000)(Id.). In his second ground for relief, Petitioner argues that his trial counsel was ineffective in inducing him to agree to a sentence while failing to recognize it included enhancements in contravention of Apprendi-Blakely (Id.). Respondent argues that both grounds for relief are barred by Petitioner's procedural defaults in failing to present them to the Ohio courts, and in the alternative, and that in any event, there was no Apprendi or

Blakely violation because Petitioner plead guilty and agreed to the sentence he received (Id.).

**II.   The Magistrate Judge's Report and Recommendation**

In his Report and Recommendation, the Magistrate Judge found Respondent's position correct that Petitioner's grounds for relief are subject to procedural default (doc. 10).  The Magistrate Judge reported that in the Sixth Circuit, under Maupin v. Smith, a four-part analysis is applicable when the state alleges a habeas claim is barred by procedural default (Id. citing 785 F.2d 135, 138 (6th Cir. 1986)).  Under such analysis, the Court must determine 1) whether there is an applicable state procedural rule to which Petitioner failed to comply, 2) whether the state courts actually enforce the procedural sanction, 3) whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim, and 4) whether Petitioner had "cause" for failure to follow the rule and is actually prejudiced by the constitutional error (Id.).  Respondent in this case argues Petitioner defaulted by failing to file a Section 2953.21 Petition within the required time-frame (Id.).  Petitioner, however, citing State v. Bush, 96 Ohio St. 3d 235 (2002), argues that his motion to withdraw his guilty plea is not controlled by the time-limits in Sections 2953.21 and 2953.23 (Id.).  The Magistrate Judge found, however, that the Court has no authority to reverse the findings of the

3

state court of appeals that there has been no manifest injustice in denying Petitioner the right to vacate his guilty plea, which is a question of state and not federal law (Id.). The Magistrate Judge further found independent and adequate bases for the decisions of the appeals court that Petitioner's claims are not cognizable under Ohio R. Crim. P. 32.1 and are untimely under Ohio Rev. Code § 2953.21 (Id.). As such, the Magistrate Judge recommended the Petition should be dismissed as procedurally defaulted (Id.).

In the alternative, in the event the Court would disagree with the conclusion that Petitioner's claims are procedurally defaulted, the Magistrate Judge reached the merits of Petitioner's claims (Id.). The Magistrate Judge found that because Petitioner agreed to his sentence and entered a voluntary plea of guilty to the charges against him, under State v. Porterfield, 106 Ohio St. 3d 5, 10, 829 N.E.2d 690, 694 (2005), the judge needed no independent justification for the sentence (Id.). The Magistrate Judge further found that Petitioner's sentences are within the statutory maxima authorized by Ohio law (Id.). Under these circumstances, the Magistrate Judge found no basis for an Apprendi or Blakely claim, and rejected the merits of Petitioner's first ground for relief (Id.). As for Petitioner's second ground for relief, the Magistrate Judge found no basis for an ineffective assistance of trial counsel claim for failure to raise an Apprendi-Blakely challenge, because there is no such valid challenge here

(Id.). The Magistrate Judge concluded that Petitioner's Petition should be denied with prejudice and that because reasonable jurists would not disagree as to such conclusion, the Court should deny Petitioner any certificate of appealability or the ability to appeal in forma pauperis (Id.).

**III. Petitioner's Objections to the Report and Recommendation**

Petitioner argues in his objection that an Ohio Crim. Rule 32.1 Motion to Withdraw Plea may be filed after a sentence is imposed to correct a "manifest injustice" (doc. 12). In his case, he contends, he therefore followed an Ohio procedural rule properly, and the first prong of Maupin cannot be met (Id.). In Petitioner's view, he was entitled to the "shortest prison term" under Ohio Rev. Code 2929.14(B), and he argues that the Court's imposition of a longer sentence constitutes a manifest injustice (Id.). In Petitioner's view, the Magistrate Judge's conclusion that his claims are subject to procedural default is contrary to clearly established federal law and is an unreasonable application of the law in light of the evidence adduced in the state court proceedings (Id. citing Williams v. Taylor, 529 U.S. 402-03 (2000)).

Petitioner next argues that because the state court and the Magistrate Judge addressed the merits of the claims, the Court is barred from making a determination that a procedural bar rests upon an independent state ground (Id.). Petitioner argues that the

5

Magistrate Judge's reliance on State v. Potterfield, 106 Ohio St. 3d 5, 10, 829 N.E. 2d 690, 694 (2005), is misplaced, because in Potterfield the Defendant stipulated to his sentence prior to entering his guilty pleas, but Petitioner did not (Id.). Petitioner next proceeds in his objection to argue that the Magistrate Judge's analysis fails under the third and fourth prongs of Maupin, such that procedural default is inappropriate (Id.). Petitioner essentially reiterates his position that the state court lacked jurisdiction to grant him a sentence beyond the minimum, that there is no procedural default, and even if so, there is a manifest injustice such that his Petitioner should be granted (Id.).

**IV. Discussion**

Having reviewed this matter, the Court finds the Magistrate Judge's Report and Recommendation thorough, well-reasoned, and correct. Petitioner's Objections lack merit and are denied. Petitioner premises his argument on the theory that he is the victim of a manifest injustice for having been sentenced to more than the statutory minimum of Ohio Rev. Code 2929.14(B). However, Section 2929.14(D)(2)(a)(ii) applies to his case, and the sentencing court was within the statutory framework, being authorized to give Petitioner the longest term authorized for any felony of the first degree that is an offense of violence. Moreover, Section 2929.14(I) applies to the gun specifications.

6

Petitioner was not entitled to the statutory minimum he now claims pursuant to Section 2929.14(B).  His thirteen year sentence does not constitute a departure outside the statute.

In any event, the Court finds no question that Petitioner's claims are procedurally barred, and that such conclusion is not clearly contrary to established federal law or an unreasonable application of such law.  The Magistrate Judge demonstrated that under <u>Maupin</u> Petitioner failed to comply with the requirement that he file his Section 2953.21 Petition within the required 180-days.  The Magistrate Judge further properly deferred to the state court's state law determination construing Petitioner's motion as a Section 2953.21 Petition.  The Court does not find well-taken Petitioner's argument that because the Magistrate Judge and the state court addressed the merits of his claims, the Court is blocked from making the determination that he has procedurally defaulted such claims.  The Magistrate Judge addressed the merits in the alternative, and the Court finds such approach consistent with principles of judicial economy.

Petitioner's claim that the Magistrate Judge erred in relying on <u>State v. Potterfield</u>, 106 Ohio St. 3d 5, 10, 829 N.E. 2d 690, 694 (2005) is incorrect.  Petitioner cites a distinction without a difference, in attempting to distinguish the facts of his case from that of <u>Potterfield</u>.  Both Petitioner and the <u>Potterfield</u> Defendant made the representation before the Court that they were

7

guilty and that they agreed to the sentence to be imposed. Whether such representation comes in the form of a stipulation is immaterial. Potterfield controls: "The General Assembly intended a jointly agreed-upon sentence to be protected from review precisely because the parties agreed that the sentence is appropriate" 106 Ohio St. 3d at 10. Accordingly, on the merits Petitioner's claim that he suffered violation of Apprendi-Blakely is without basis, as is his claim of ineffective assistance of counsel. The Court need not reach the balance of Petitioner's arguments, as it has found more than an adequate basis to affirm the conclusions of the Magistrate Judge, and its review of Petitioner's remaining arguments shows them redundant.

**V. Conclusion**

For the aforementioned reasons, this Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation (doc. 10), and DENIES WITH PREJUDICE Petitioner's Petition for Writ of Habeas Corpus (doc. 1). The Court also DECLINES to issue a certificate of appealability with respect to either of Petitioner's grounds for relief, because a jurist of reason would not find it debatable whether this Court is correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484-85, (2000). The Court further DECLINES to issue a certificate of appealability with respect to either ground for relief because Petitioner has failed to make a substantial showing of the denial of a constitutional right based

8

on such claims.  See 28 U.S.C. § 2253(c), Fed. R. App. P. 22(b).  And finally, pursuant to 28 U.S.C. §1915(a)(3), this Court CERTIFIES that any appeal of this order will not be taken in good faith, and any application to appeal in forma pauperis will be DENIED.

SO ORDERED.

Dated: June 17, 2008	/s/ S. Arthur Spiegel	

				S. Arthur Spiegel
				United States Senior District Judge